UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CARLOS VASQUEZ,

        Petitioner,

  -against-                                    9:02-CV-1241
                                                    (LEK/DRH)

MICHAEL K. NALLEY

        Respondent.

### MEMORANDUM-DECISION AND ORDER

Before this Court is a motion by Petitioner Carlos Vasquez ("Vasquez") to "Amend The Report-Recommendation That Has Been Adopted In Part By The Court". Motion (Dkt. No. 27). For the following reasons, the motion is denied.

**I.**    **BACKGROUND**

Vasquez was convicted in the United States District Court for the District of Connecticut of possession of a firearm by a convicted felon and possession of an unregistered firearm, and was sentenced to concurrent terms of 292 and 120 months imprisonment. On May 6, 1996, the Second Circuit Court of Appeals affirmed Vasquez's conviction. See United States v. Vasquez, 82 F.3d 574 (2d Cir. 1996). Vasquez subsequently filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255") in the sentencing court. This motion was denied on June 11, 1998. On November 21, 1998, the Second Circuit affirmed the denial of Vasquez's § 2255 motion.

On September 30, 2002, Vasquez moved this Court for a writ of habeas corpus pursuant

1

to 28 U.S.C. § 2241 ("§ 2241"), or for a writ of error coram nobis, challenging his sentence under the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Petition (Dkt. No. 1). The Court found that Vasquez's claim was challenging his sentence and was therefore properly brought as a § 2255 motion, and that Vasquez failed to meet the criteria of § 2255's "savings clause", which would allow a petitioner to challenge the legality of his sentence in a § 2241 petition if the petitioner could show that § 2255 was "inadequate or ineffective". August 20, 2003 Decision (Dkt. No. 15) at 3. The Court concluded that the Second Circuit decision in Coleman v. United States, 329 F.3d 77, 90 (2d Cir. 2003), which held that Apprendi does not apply retroactively to initial habeas petitions, did not render § 2255 "ineffective and inadequate" and therefore, Vasquez was not allowed to bring such a claim under § 2241.[1] Id. at 4.

Vasquez now wishes to amend the prior report-recommendation in light of the United States Supreme Court decisions in Blakely v. Washington, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004) and United States v. Booker, 160 L.Ed. 2d 621, 125 S. Ct. 738 (2005).

## II.   DISCUSSION

The court will liberally read Vasquez's motion as one seeking relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides that a "court may

---

[1] The Court also ordered Respondent to provide the Court with a copy of the District of Connecticut's decision denying Petitioner's prior § 2255 motion in order to determine whether it was appropriate to transfer the petition to the Second Circuit Court of Appeals as a second or successive § 2255 motion. See August 20, 2003 Decision (Dkt. No. 15) at 5. After several requests by the Respondent and several requests by this Court, a copy of the decision has not been located. See Sept. 1, 2004 Letter (Dkt. No. 25). Without the ability to review Vasquez's initial § 2255 decision, this Court declines to transfer this case to the Second Circuit Court of Appeals.

2

relieve a party . . . from a final judgment, order or proceeding for . . . any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b).  Vasquez argues that recent Supreme Court cases warrant relieving him of the prior judgment denying his habeas petition pursuant to 28 U.S.C. § 2241.

The Second Circuit has explained the difference between a petition brought under § 2241 and a motion brought under § 2255:

> A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence. . . .  In contrast, § 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence, as it encompasses claims that 'the sentence was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'

Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir. 2001) (quoting 28 U.S.C. § 2255).  Similar to Vasquez's claim under Apprendi, Vasquez now argues that his sentence was in violation of the Supreme Court's decisions in Blakely and Booker.[2]  As Vasquez wishes to challenge the legality of his sentence, the motion is properly brought under § 2255, and must be raised before the sentencing judge in the district in which he was sentenced, i.e., the District of Connecticut.  See 28 U.S.C. § 2255.  The only potential means by which the challenge is properly brought in this Court is under § 2255's savings clause, which allows a petitioner to challenge the legality of his

---

[2] Blakely held that the Sixth Amendment prohibits sentences greater than "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  Blakely v. Washington, 124 S.Ct. 2531, 2537 (2004).  In Booker, the Supreme Court held that the system of enhancements established by the Federal Sentencing Guidelines violated the Sixth Amendment as construed in Blakely.  See United States v. Booker, 125 S.Ct. 738, 756-57 (2005).  To solve this problem, the Supreme Court excised the provision of the Sentencing Reform Act that had made the Guidelines mandatory, rendering the Guidelines effectively advisory. Booker, 125 S. Ct. at 756-57.

3

sentence in a § 2241 petition if § 2255 would be "inadequate or ineffective" to test the legality of his detention. See 22 U.S.C. § 2255. The Second Circuit has held that § 2255 is "inadequate or ineffective" when "the petitioner cannot, for whatever reason, utilize § 2255, and . . . the failure to allow for collateral review would raise serious constitutional questions." Jiminian, 245 F.3d at 147 (quoting Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997)). The Second Circuit has further stated that "[i]n order to fit within this exception . . . the application not only must show that relief is procedurally unavailable under § 2255, but also must assert a claim of actual innocence that (a) is 'provable . . . on the existing record,' and (b) 'could not have effectively [been] raised . . . at an earlier time.'" Poindexter v. Nash, 333 F.3d 372, 378 (2d Cir. 2003) (quoting Triestman, 124 F.3d at 363). The burden of proving that § 2255 is "inadequate or ineffective" rests with the petitioner. Blackmon v. Nash, 01-CV-282, 2003 WL 133273, at *1 (N.D.N.Y. Jan. 7, 2003) (Kahn, J.) (citing Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001)).

  Vasquez has failed to meet this burden. Petitioner does not explain how "serious constitutional questions" will arise if he cannot challenge his sentence in light of Blakely and Booker. The Second Circuit has held that neither Blakely nor Booker apply retroactively to initial habeas petitions or second or successive petitions. See Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); Carmona v. United States, 390 F.3d 200, 203 (2d Cir. 2004). In maintaining that § 2255 is "ineffective or inadequate", Vasquez is in effect arguing that because he is precluded from obtaining relief under Blakely and Booker by bringing a § 2255 motion, serious constitutional questions are raised and

§ 2255 is "ineffective or inadequate". This conclusion is untenable. The § 2255 remedy is not "inadequate or ineffective" merely because a prisoner's § 2255 motion may be procedurally barred. See Jaminian v. Nash, 245 F.3d 144, 147-48 (2d Cir. 2001); Poindexter v. Nash, 333 F.3d 372, 378 (2d Cir. 2003); Schomaker v. Nally, 2004 U.S. App. LEXIS 13639, at *3 (2d Cir. July 1, 2004); see also Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001). Additionally, neither Blakely nor Booker suggest the invalidity of the substantive offenses for which Vasquez was convicted, he does not claim actual innocence of the crime, and he makes no showing such arguments could not have been raised at an earlier time. Accordingly, this Court holds that Vasquez's inability to utilize § 2255 to challenge his sentence in light of Blakely and Booker does not render § 2255 "ineffective or inadequate." Under the circumstances, Vasquez is precluded from challenging the legality of his sentence under § 2241. Thus, this Court is without jurisdiction to consider the petition.

### III. CONCLUSION

Accordingly, it is hereby

ORDERED that Petitioner's "Motion To Amend The Report-Recommendation That Has Been Adopted In Part By The Court" is **DENIED**; and it is further

ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.

DATED:  May 17, 2005
        Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge